1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   Los Angeles, CA 90071
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-2530-CRB
                                       )
21  This document relates to           )
                                       )   **PFIZER INC., PHARMACIA**
22  JAMES CAMPBELL, et al.,            )   **CORPORATION, AND G.D.**
                                       )   **SEARLE LLC'S ANSWER TO**
                       Plaintiffs,     )   **COMPLAINT**
23                                     )
                 vs.                   )   **JURY DEMAND ENDORSED**
24                                     )   **HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.),)
    and MONSANTO COMPANY,              )
26                                     )
                       Defendants.     )
27  _____)

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs and Decedent were prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs and Decedent were prescribed and used Celebrex®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 11, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

3    and deny the remaining allegations in this paragraph of the Complaint.

4    7.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

8    and deny the remaining allegations in this paragraph of the Complaint.

9    8.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

11    age and citizenship, Decedent's medical condition, whether Plaintiff is the Personal

12    Representative of Decedent's Estate, and whether Decedent used Celebrex®, and, therefore,

13    deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

14    or Decedent injury or damage, and deny the remaining allegations in this paragraph of the

15    Complaint.

16    9.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

17    business in New York. Defendants admit that, as the result of a merger in April 2003,

18    Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph

19    of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants

20    are without knowledge or information sufficient to form a belief as to the truth of such

21    allegations, and, therefore, deny the same. Defendants admit that, during certain periods of

22    time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

23    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24    accordance with their approval by the FDA. Defendants deny the remaining allegations in this

25    paragraph of the Complaint.

26    10.    Defendants admit that Searle is a Delaware limited liability company with its principal

27    place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

28    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

1    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

2    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

5    the remaining allegations in this paragraph of the Complaint.

6    11.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

7    Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

8    1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

9    to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

10   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

11   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

12   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

13   distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

14   Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

15   sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

16   proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

17   Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

18   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

19   of the Complaint referring to Monsanto and/or Defendants.

20   12.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

21   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

22   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

23   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

24   Celebrex® in the United States, including California, to be prescribed by healthcare providers

25   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

26   Defendants deny the remaining allegations in this paragraph of the Complaint.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Allegations Regarding Jurisdiction and Venue**

13.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

14.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

15.     Defendants are without knowledge or information to form a belief as to the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the State of California and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Louisiana and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of California, South

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Carolina, Arkansas, Wisconsin, Mississippi, and Minnesota, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

17.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  described in its FDA-approved prescribing information, which was at all times adequate and

2  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

3  and deny the remaining allegations in this paragraph of the Complaint.

4  21.    Defendants state that the allegations in this paragraph of the Complaint regarding

5  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

6  response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

7  referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

8  remaining allegations in this paragraph of the Complaint.

9  22.    Defendants state that the allegations in this paragraph of the Complaint are not directed

10  towards Defendants and, therefore, no response is required.  To the extent that a response is

11  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

12  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

13  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14  23.    Defendants state that the allegations in this paragraph of the Complaint are not directed

15  towards Defendants and, therefore, no response is required.  To the extent that a response is

16  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

17  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

18  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19  24.    Defendants state that the allegations in this paragraph of the Complaint are not directed

20  towards Defendants and, therefore, no response is required.  To the extent that a response is

21  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

22  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

23  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24  25.    Defendants state that the allegations in this paragraph of the Complaint are not directed

25  towards Defendants and, therefore, no response is required.  To the extent that a response is

26  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

27  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

28  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

26.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

1    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

2    the remaining allegations in this paragraph of the Complaint.

3    29.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

4    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

5    Celebrex® in the United States to be prescribed by healthcare providers who are by law

6    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

7    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

8    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

9    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10    accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

11    and effective when used in accordance with its FDA-approved prescribing information.

12    Defendants state that the potential effects of Celebrex® were and are adequately described in its

13    FDA-approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

15    remaining allegations in this paragraph of the Complaint.

16    30.    Defendants state that the referenced article speaks for itself and respectfully refer the

17    Court to the article for its actual language and text. Any attempt to characterize the article is

18    denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information. Defendants deny the remaining allegations in

20    this paragraph of the Complaint.

21    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

22    Court to the article for its actual language and text. Any attempt to characterize the article is

23    denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information. Defendants deny the remaining allegations in

25    this paragraph of the Complaint.

26    32.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information. Defendants state that the potential effects of

28    Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny the allegations in this paragraph of the Complaint.

3    33.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    34.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

10   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

11   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

12   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

13   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

14   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

15   the Complaint.

16   35.    Defendants state that the referenced Medical Officer Review speaks for itself and

17   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

18   attempt to characterize the Medical Officer Review is denied.  Defendants state that the

19   referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court

20   to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to

21   characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining

22   allegations in this paragraph of the Complaint.

23   36.    Defendants state that the referenced study speaks for itself and respectfully refer the

24   Court to the study for its actual language and text.  Any attempt to characterize the study is

25   denied.  Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28   paragraph of the Complaint.

37.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    43.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

3    referenced article speaks for itself and respectfully refer the Court to the article for its actual

4    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    44.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

7    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

8    and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   45.    Defendants state that the referenced Medical Officer Review speaks for itself and

11   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

12   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   46.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

15   the proper context for the allegations concerning "other Celebrex trials" contained in this

16   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

17   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

18   allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

19   that the referenced study speaks for itself and respectfully refer the Court to the study for its

20   actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

21   remaining allegations in this paragraph of the Complaint.

22   47.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25   48.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

26   Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

27   therefore lack sufficient information or knowledge to form a belief as to the truth of such

28   allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

54.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

56.     Defendants deny the allegations in this paragraph of the Complaint.

57.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

1    58.    Defendants deny any wrongful conduct and deny the allegations contained in this

2    paragraph of the Complaint.

3    59.    Defendants deny any wrongful conduct and deny the allegations contained in this

4    paragraph of the Complaint.

5    60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

10    paragraph of the Complaint.

11    61.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

14    and is safe and effective when used in accordance with its FDA-approved prescribing

15    information.  Defendants state that the potential effects of Celebrex® were and are adequately

16    described in its FDA-approved prescribing information, which was at all times adequate and

17    comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

18    deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this

19    paragraph of the Complaint.

20    62.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

21    Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

22    that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

23    actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

24    that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

25    referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

26    language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

27    transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

28    respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-16-

ANSWER TO COMPLAINT – 3:07-cv-2530-CRB

characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

2  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

3  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

4  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

5  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

6  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

7  and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8  paragraph of the Complaint.

9  65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® were and are adequately described in its FDA-approved prescribing information,

12  which at all times was adequate and comported with applicable standards of care and law.

13  Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

14  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

15  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

16  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

17  allegations in this paragraph of the Complaint.

18  66.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

24  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

26  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

27  United States to be prescribed by healthcare providers who are by law authorized to prescribe

28

1   drugs in accordance with their approval by the FDA.    Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which at all times was adequate and comported with applicable standards of care and law.

7   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

8   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

9   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

11  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

12  United States to be prescribed by healthcare providers who are by law authorized to prescribe

13  drugs in accordance with their approval by the FDA.    Defendants deny the remaining

14  allegations in this paragraph of the Complaint.

15  68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20  the Complaint.

21  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  70.    Defendants deny the allegations in this paragraph of the Complaint.

28

ANSWER TO COMPLAINT – 3:07-cv-2530-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

74.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

75.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® are and were adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

8    the study for its actual language and text.  Any attempt to characterize the study is denied.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10    the Complaint.

11    77.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

14    and is safe and effective when used in accordance with its FDA-approved prescribing

15    information.  Defendants state that the potential effects of Celebrex® are and were adequately

16    described in its FDA-approved prescribing information, which was at all times adequate and

17    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

18    and deny the remaining allegations in this paragraph of the Complaint.

19                    **Response to First Cause of Action: Negligence**

20    78.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

21    Complaint as if fully set forth herein.

22    79.    Defendants state that this paragraph of the Complaint contains legal contentions to

23    which no response is required.  To the extent that a response is deemed required, Defendants

24    admit that they had duties as are imposed by law but deny having breached such duties.

25    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

26    FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    80.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that they had duties as are imposed by law but deny having breached such duties.

6    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.    Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11    the Complaint.

12    81.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

14    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

15    and is safe and effective when used in accordance with its FDA-approved prescribing

16    information.  Defendants state that the potential effects of Celebrex® were and are adequately

17    described in its FDA-approved prescribing information, which was at all times adequate and

18    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

19    and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

20    82.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

22    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

23    and is safe and effective when used in accordance with its FDA-approved prescribing

24    information.  Defendants state that the potential effects of Celebrex® were and are adequately

25    described in its FDA-approved prescribing information, which was at all times adequate and

26    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

27    and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

83.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**<u>Response to Second Cause of Action: Strict Liability</u>**

2    88.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    89.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

6    Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain

7    periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

8    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9    accordance with their approval by the FDA.  Defendants admit that, during certain periods of

10   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

11   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

12   healthcare providers who are by law authorized to prescribe drugs in accordance with their

13   approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to

14   reach users and consumers without substantial change from the time of sale.  Defendants deny

15   the remaining allegations in this paragraph of the Complaint.

16   90.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   91.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26   remaining allegations in this paragraph of the Complaint.

27   92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4    remaining allegations in this paragraph of the Complaint, including all subparts.

5    93.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations

10   in this paragraph of the Complaint.

11   94.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

14   and is safe and effective when used in accordance with its FDA-approved prescribing

15   information.  Defendants state that the potential effects of Celebrex® were and are adequately

16   described in its FDA-approved prescribing information, which was at all times adequate and

17   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

18   deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   95.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

25   remaining allegations in this paragraph of the Complaint.

26   96.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

28   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### **Response to Third Cause of Action: Breach of Express Warranty**

104.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided

FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

107.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Fourth Cause of Action: Breach of Implied Warranty**

114.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

115.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

116.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

117.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

118.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

119.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

120.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

124.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

125.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

126.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

127.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

1    130.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

3    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

4    and is safe and effective when used in accordance with its FDA-approved prescribing

5    information.  Defendants state that the potential effects of Celebrex® were and are adequately

6    described in its FDA-approved prescribing information, which was at all times adequate and

7    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

8    and deny the remaining allegations in this paragraph of the Complaint.

9    131.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

11   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

12   and is safe and effective when used in accordance with its FDA-approved prescribing

13   information.  Defendants state that the potential effects of Celebrex® were and are adequately

14   described in its FDA-approved prescribing information, which was at all times adequate and

15   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

16   and deny the remaining allegations in this paragraph of the Complaint.

17   132.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

19   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

20   and is safe and effective when used in accordance with its FDA-approved prescribing

21   information.  Defendants state that the potential effects of Celebrex® were and are adequately

22   described in its FDA-approved prescribing information, which was at all times adequate and

23   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

24   and deny the remaining allegations in this paragraph of the Complaint.

25   133.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

27   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

28   and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   information.  Defendants state that the potential effects of Celebrex® were and are adequately

2   described in its FDA-approved prescribing information, which was at all times adequate and

3   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

4   and deny the remaining allegations in this paragraph of the Complaint.

5   134.   Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

7   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

8   and is safe and effective when used in accordance with its FDA-approved prescribing

9   information.  Defendants state that the potential effects of Celebrex® were and are adequately

10  described in its FDA-approved prescribing information, which was at all times adequate and

11  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

12  and deny the remaining allegations in this paragraph of the Complaint.

13  135.   Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

15  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

16  and is safe and effective when used in accordance with its FDA-approved prescribing

17  information.  Defendants state that the potential effects of Celebrex® were and are adequately

18  described in its FDA-approved prescribing information, which was at all times adequate and

19  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

20  and deny the remaining allegations in this paragraph of the Complaint.

21  136.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

22  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

23  Complaint.

24  137.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

25  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

26  Complaint.

27

28

138.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

139.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

140.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action: Wrongful Death

146.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

147.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-36-

ANSWER TO COMPLAINT – 3:07-cv-2530-CRB

149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Eighth Cause of Action: Loss of Consortium

151.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

152.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff and Decedent's marital status, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Prayer for Relief**

2  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent

3  injury or damage, and deny the remaining allegations in paragraph of the Complaint headed

4  "Prayer for Relief," including all subparts.

5

**III.**

6

**GENERAL DENIAL**

7  Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

8  Complaint that have not been previously admitted, denied, or explained.

9

**IV.**

10

**AFFIRMATIVE DEFENSES**

11  Defendants reserve the right to rely upon any of the following or additional defenses to

12  claims asserted by Plaintiffs to the extent that such defenses are supported by information

13  developed through discovery or evidence at trial. Defendants affirmatively show that:

14

**First Defense**

15  1.    The Complaint fails to state a claim upon which relief can be granted.

16

**Second Defense**

17  2.    Celebrex® is a prescription medical product. The federal government has preempted

18  the field of law applicable to the labeling and warning of prescription medical products.

19  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

20  federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

21  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

22  and violate the Supremacy Clause of the United States Constitution.

23

**Third Defense**

24  3.    At all relevant times, Defendants provided proper warnings, information and

25  instructions for the drug in accordance with generally recognized and prevailing standards in

26  existence at the time.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs and Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedent.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiffs' and Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-fifth Defense**

2

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

3

"direction or warnings" as to the use of the subject pharmaceutical product within the meaning

4

of Comment j to Section 402A of the Restatement (Second) of Torts.

5

**Twenty-sixth Defense**

6

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

7

because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

8

Restatement (Second) of Torts § 402A, Comment k.

9

**Twenty-seventh Defense**

10

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

11

product at issue "provides net benefits for a class of patients" within the meaning of Comment f

12

to § 6 of the Restatement (Third) of Torts: Products Liability.

13

**Twenty-eighth Defense**

14

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

15

Products Liability.

16

**Twenty-ninth Defense**

17

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

18

facts sufficient under the law to justify an award of punitive damages.

19

**Thirtieth Defense**

20

30.    Defendants affirmatively aver that the imposition of punitive damages in this case

21

would violate Defendants' rights to procedural due process under both the Fourteenth

22

Amendment of the United States Constitution and the Constitutions of the States of South

23

Carolina, Arkansas, Wisconsin, Mississippi, and Minnesota, and would additionally violate

24

Defendants' rights to substantive due process under the Fourteenth Amendment of the United

25

States Constitution.

26

**Thirty-first Defense**

27

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

28

Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of South Carolina, Arkansas, Wisconsin,

-43-

Mississippi, and Minnesota. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-first Defense**

2   41.    If Plaintiffs and Decedent have sustained injuries or losses as alleged in the Complaint,

3  upon information and belief, such injuries and losses were caused by the actions of persons not

4  having real or apparent authority to take said actions on behalf of Defendants and over whom

5  Defendants had no control and for whom Defendants may not be held accountable.

6

**Forty-second Defense**

7   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9  intended, and was distributed with adequate and sufficient warnings.

10

**Forty-third Defense**

11   43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

12  waiver, and/or estoppel.

13

**Forty-fourth Defense**

14   44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

15  result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

16  diseases or illnesses, subsequent medical conditions or natural courses of conditions of

17  Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

18

**Forty-fifth Defense**

19   45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20  did not proximately cause injuries or damages to Plaintiffs and Decedent.

21

**Forty-sixth Defense**

22   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

23  and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

24

**Forty-seventh Defense**

25   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26  manufacturing, labeling, packaging, and any advertising of the product complied with the

27  applicable codes, standards and regulations established, adopted, promulgated or approved by

28

1    any applicable regulatory body, including but not limited to the United States, any state, and

2    any agency thereof.

3    **Forty-eighth Defense**

4    48.    The claims must be dismissed because Plaintiffs and Decedent would have taken

5    Celebrex® even if the product labeling contained the information that Plaintiffs contend should

6    have been provided.

7    **Forty-ninth Defense**

8    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

9    outweighed its risks.

10    **Fiftieth Defense**

11    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

12    collateral sources.

13    **Fifty-first Defense**

14    51.    Defendants' liability, if any, can only be determined after the percentages of

15    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

16    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

17    claimants and each and every other person whose fault could have contributed to the alleged

18    injuries and damages, if any, of Plaintiffs and Decedent.

19    **Fifty-second Defense**

20    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

21    common law gives deference to discretionary actions by the United States Food and Drug

22    Administration under the Federal Food, Drug, and Cosmetic Act.

23    **Fifty-third Defense**

24    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

25    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

26    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

27    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

28    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  and with the specific determinations by FDA specifying the language that should be used in the

2  labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

3  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

4  United States.

### Fifty-fourth Defense

5

6  54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

7  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

8

9  55.    Defendants state on information and belief that the Complaint and each purported cause

10  of action contained therein is barred by the statutes of limitations contained in California Code

11  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

12  as may apply.

### Fifty-sixth Defense

13

14  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

15  by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or

16  other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs'

17  recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

18  1431.2.

### Fifty-seventh Defense

19

20  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

21  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

22  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

23  damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

24

25  58.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

26  § 15-3-20.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-ninth Defense**

59.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

**Sixtieth Defense**

60.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

**Sixty-first Defense**

61.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Sixty-second Defense**

62.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixty-third Defense**

63.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs and Decedent failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Sixty-fourth Defense**

64.    Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs and Decedent, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs and Decedent may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs or Decedent and any such parties.

**Sixty-fifth Defense**

65.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    exemplary damage awards which arise under the United States Constitution and decisions of

2    the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589

3    (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and

4    *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi

5    Constitution, statutes, and decisions of Mississippi courts.

### Sixty-sixth Defense

7    66.    Defendants assert that Plaintiffs' claim for punitive damages is governed and limited by

8    Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the

9    same.

### Sixty-seventh Defense

11    67.    Celebrex® and the Defendants' actions conformed to the state of the art medical and

12    scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with

13    applicable product safety statutes and regulations as described in Restatement (Third) of Torts:

14    Products Liability § 4.

### Sixty-eighth Defense

16    68.    Defendants satisfied their duty to warn under the learned intermediary doctrine and

17    Plaintiffs' claims are therefore barred.

### Sixty-ninth Defense

19    69.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and

20    hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

### Seventieth Defense

22    70.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

23    complete relief cannot be accorded to those already parties to the action and will result in

24    prejudice to Defendants in any possible future litigation.

### Seventy-first Defense

26    71.    Any judicially-created definitions of manufacturing defect and design defect, and

27    standards for determining whether there has been an actionable failure to ward, are

28    unconstitutional in that, among other things, they are void for vagueness and undue burden on

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

### Seventy-second Defense

72.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical products at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Seventy-third Defense

73.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

### Seventy-fourth Defense

74.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

### Seventy-fifth Defense

75.    Plaintiff's claims for punitive damages are subject to all provisions of Minnesota law, including but not limited to Minnesota Statute 549.191.

### Seventy-sixth Defense

76.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

5.      That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

September 14, 2007                                    GORDON & REES LLP

By: :_____/s/_____
        Stuart M. Gordon
        sgordon@gordonrees.com
        Embarcadero Center West
        275 Battery Street, 20th Floor
        San Francisco, CA 94111
        Telephone:  (415) 986-5900
        Fax:  (415) 986-8054

September 14, 2007                                    TUCKER ELLIS & WEST LLP

By: :_____/s/_____
        Michael C. Zellers
        michael.zellers@tuckerellis.com
        515 South Flower Street, Suite 4200
        Los Angeles, CA 90071
        Telephone:  (213) 430-3400
        Fax:  (213) 430-3409

        Attorneys for Defendants
        PFIZER INC., PHARMACIA
        CORPORATION, and G.D. SEARLE
        LLC

# JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

September 14, 2007                           GORDON & REES LLP


By: :_____/s/_____
      Stuart M. Gordon
      sgordon@gordonrees.com
      Embarcadero Center West
      275 Battery Street, 20th Floor
      San Francisco, CA  94111
      Telephone:  (415) 986-5900
      Fax:  (415) 986-8054

September 14, 2007                           TUCKER ELLIS & WEST LLP


By: :_____/s/_____
      Michael C. Zellers
      michael.zellers@tuckerellis.com
      515 South Flower Street, Suite 4200
      Los Angeles, CA 90071
      Telephone:  (213) 430-3400
      Fax:  (213) 430-3409

      Attorneys for Defendants
      PFIZER INC., PHARMACIA
      CORPORATION, and G.D. SEARLE
      LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111